# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 4536 | **DATE** | 10/12/2012 |
| **CASE TITLE** | United States of America vs. Ivan Myint | | |

**DOCKET ENTRY TEXT**

For the reasons set forth in this Order, the Court denies defendant's motion pursuant to 28 U.S.C. § 2255 and terminates this case.

■ [ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Count One of the superseding indictment charges defendant with "conspir[ing] . . . to knowingly and intentionally possess with the intent to distribute and distribute controlled substances, namely, more than 500 grams of mixtures containing a detectable amount of methamphetamine . . . and quantities of 3,4-methylenedioxymethamphetamine (commonly known as 'Ecstasy' or 'MDMA') . . . and 100 kilograms or more of mixtures containing marijuana" in violation of 21 U.S.C. § 841(a)(1). (Superseding Indictment ¶ 1.) However, the plea agreement states that defendant pleads guilty to "conspiring to distribute and possess with intent to distribute more than 50 grams of mixtures containing a detectable amount of methamphetamine and quantities of MDMA." (Plea Agreement ¶ 5). In other words, for reasons that are not clear, defendant pleaded guilty to a drug conspiracy that was smaller in scope, *i.e.*, involved no marijuana and only 50 grams of mixtures containing MDMA and methamphetamine, than the one charged in Count One of the superseding indictment.

The plea agreement also contains a waiver of post-conviction rights, which states that defendant "waives his right to challenge his conviction and sentence" in a § 2255 motion, unless the motion is based on "a claim of involuntariness, or ineffective assistance of counsel, which relates directly to th[e] waiver or to its negotiation." (*Id.* ¶ 24(b).) Defendant contends that this motion is not barred by the waiver because he "agreed to plead guilty to [a] conspiracy [involving] 50 grams of mixture[s] containing . . . methamphetamine and quantities of MDMA" and did not voluntarily waive his rights to challenge a sentence imposed for a conspiracy of a greater scope.

Defendant admitted, however, both in the plea agreement and in open court that he: (1) committed the offense charged in Count One of the superseding indictment, *i.e.*, conspired to possess with the intent to distribute and distribute more than 500 grams of mixtures containing methamphetamine and MDMA and 100 kilograms of mixtures containing marijuana (Plea Agreement ¶ 6 (admitting that he conspired to possess with the intent to distribute and distribute "at least 16,500 grams of mixtures containing MDMA, 220 grams of mixtures containing

methamphetamine and 113.6 kilograms (250 pounds) of mixtures containing marijuana" and, during the conspiracy, purchased for resale hydroponic marijuana on three occasions in the respective amounts of 20, 130 and 100 pounds and pills containing MDMA and/or methamphetamine on three occasions in the respective quantities of 7,000, 30,000 and 30,000); 4/9/10 Change of Plea Hr'g Tr. at 22 (admitting that "the amount of drugs involved in the conspiracy for which [he] is accountable is at least 16,500 grams of mixtures containing MDMA, 220 grams of mixtures containing methamphetamine, and 113.6 kilograms, which is equivalent to 250 pounds, of mixtures containing marijuana")); (2) understood the terms of and had no questions about the plea agreement, including the waiver of § 2255 rights (Plea Agreement ¶¶ 3-5,21-29; 4/9/10 Change of Plea Hr'g Tr. at 5-6, 12-13); and (3) entered into the plea voluntarily and "was fully satisfied with the advice and representation that ha[d] been given to [him] in this case by [his] attorney" (Plea Agreement ¶ 21; 4/9/10 Change of Plea Hr'g Tr. at 5).

Moreover, the record shows that defendant was sentenced for the smaller-scope conspiracy to which he pleaded guilty, not the larger one charged in the superseding indictment. The base offense level ("BOL") for a drug conspiracy involving the kinds and quantity of drugs charged in the superseding indictment, *i.e.*, the equivalent of 8803.6 kilograms of marijuana (113.6 kilograms of marijuana + the equivalent of 8,250 kilograms of marijuana for 16,500 grams of mixtures containing MDMA + the equivalent of 440 kilograms of marijuana for 220 grams of mixtures containing methamphetamine) is 34. *See* U.S.S.G. § 2D1.1(c) & cmt. 10 (2009). The BOL for the drug conspiracy to which defendant pleaded guilty, *i.e.*, the equivalent of 8,690 kilograms of marijuana (the equivalent of 8,250 kilograms of marijuana for 16,500 grams of mixtures containing MDMA + the equivalent of 440 kilograms of marijuana for 220 grams of mixtures containing methamphetamine) is the same. *See id.* Further, given defendant's criminal history category of VI, the guidelines range for the adjusted BOL – either 41 as the government urged or 39 as defendant urged – is the same: 360 months to life. *See* U.S.S.G. Sentencing Table (2009). However, the statutory maximum prison term for a drug conspiracy involving 50 or more grams of mixtures containing methamphetamine and MDMA is forty years while the statutory maximum for a drug conspiracy involving 500 or more grams is life. *See* 21 U.S.C. § 841(b)(1)(A)(viii), (b)(1)(B) (viii). Accordingly, the Court adjusted the range to reflect that statutory maximum:

> [B]oth sides are in agreement that the total offense level properly calculated in this case is 41 or 39, depending on the two-point enhancement. The criminal history category is VI. The guideline range is 360 -- originally our table range is 360 to life. However, since the maximum sentence under the statute of conviction is 480 months, then the guideline provision reverts to 360 to 480 months.

(8/9/11 Sentencing Hr'g Tr. at 9-10.) In short, because the record establishes that the conspiracy to which defendant pleaded guilty and for which he was sentenced is smaller in scope than the one charged in the superseding indictment, the variance between the two is not a basis for nullifying the § 2255 waiver.

Defendant's second contention, that he agreed to the § 2255 waiver only because his counsel said doing so would secure him a fifteen-year sentence, is also flatly refuted by the record. The plea agreement states that: (1) the "anticipated advisory Sentencing Guidelines range [is] 360 months to 480 months' imprisonment"; (2) "[the] Guideline calculations [in the plea agreement] are preliminary in nature, and are non-binding predictions upon which neither party is entitled to rely"; (3) "[d]efendant understands that . . . the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final Guideline calculation"; (4) "[i]t is understood by the parties that the sentencing judge is neither a party to nor bound by this Plea Agreement and may impose a sentence up to the maximum penalties"; and (5) "[d]efendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Plea Agreement to cause defendant to plead guilty." (Plea Agreement

| STATEMENT |
|---|
| ¶¶ 8(d), (e), 11, 29.) Similarly, during the change of plea hearing, the defendant said that: (1) he had reviewed the superseding indictment with his attorney, understood the charges against him, and was "fully satisfied with the advice and representation that ha[d] been given to [him]" by his attorney; (2) he had reviewed the plea agreement with his lawyer before signing it, understood "all of [its] terms and conditions" and had "no questions for the Court about [it]"; (3) the plea agreement "contain[ed] all of the agreements [he had] with the government about [the] guilty plea" and no one had made "any other promise . . . to [him] . . . to induce [him] to plead guilty"; (4) he understood that the Court was not bound by the plea agreement and could "impose a sentence that is more severe than what [defendant might] anticipate"; and (5) he understood and had no questions about the forty-year maximum prison term for the offense to which he was pleading guilty. (4/9/10 Change of Plea Hr'g Tr. at 5-10.) Defendant offers no evidence that casts any doubt on his previous statements and thus, the validity of the waiver.<br><br>  For all of these reasons, the Court denies defendant's § 2255 motion. |